[No. A065451. First Dist., Div. One. Feb. 9, 1995.]

CAROL LEE COOPER, Plaintiff, v.
MICHAEL V. O'ROURKE, Defendant and Respondent;
COUNTY OF CONTRA COSTA, Intervener and Appellant.

## COUNSEL

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and Mary A. Roth, Deputy Attorneys General, Gary T. Yancey, District Attorney, and Edward Dang, Deputy District Attorney, for Appellant and Intervener.

Michael V. O'Rourke, in pro. per., for Defendant and Respondent.

## OPINION

**DOSSEE, J.**—This is an appeal from an order terminating child support upon a finding by the trial court that the child's mother was intentionally frustrating the father's efforts to maintain contact with the child. Contra Costa County, to whom the child support payments had been paid, appeals, arguing that mere interference with visitation, without concealment of the child, is not a sufficient ground to terminate child support. We agree, and we reverse the order.

### Factual and Procedural Background

In 1984 respondent Michael V. O'Rourke was ordered to pay $200 per month as child support for his daughter Victoria, who was born in 1983 to

Carol Ann Lee. The payments were to be made to the County of San Mateo. In October 1991, after O'Rourke brought a contempt action against Lee, the parties agreed to a visitation schedule. The court's order provided, among other things, that neither party would remove Victoria from California without giving the other party 30 days' written notice.

Lee married and now uses the name Cooper. Cooper and O'Rourke continued to disagree about visitation, and in 1992, after mediation, the San Mateo County Superior Court issued a new visitation order. The order contemplated that Cooper would be moving to Virginia, and the order set out alternative visitation schedules for O'Rourke depending upon when the move occurred. The order did not require notice to O'Rourke before a move occurred.

At some point Cooper, her new husband, and Victoria began living in Contra Costa County, and O'Rourke made his support payments to the Contra Costa County District Attorney's office of family support services. In March 1993, O'Rourke filed a motion in San Mateo County Superior Court to terminate child support on the ground that Cooper had moved to Florida with Victoria without giving him 30 days' notice as required by the court order of October 1991. The Contra Costa County District Attorney opposed the motion on behalf of Cooper. At the hearing on the motion, held on May 21, 1993, O'Rourke testified that Cooper had moved to Florida in February 1993, after telling him, first, that she was staying in San Ramon, and, second, that she was moving to Forestville (California). O'Rourke learned of the move to Florida only when Cooper called him from "halfway across the United States." He had no address or telephone number to reach Victoria. Not until minutes before the hearing began did O'Rourke obtain Cooper's address and telephone number, which were provided by the district attorney.

The trial court terminated the support payments for April and May 1993 but continued the matter for further hearing.

At the next hearing, on July 16, 1993, O'Rourke testified that he tried to telephone Cooper twice, on May 26 and again on June 10, but he received no answer. He also sent a birthday card to his daughter in May, asking her to telephone him collect, but he received no response to this card. He had had no contact with Victoria since his last visitation in January.

The trial court found from this evidence that Cooper "is doing all that she can to frustrate [O'Rourke's] visitation," and the court thereupon terminated O'Rourke's child support obligations.[1] Contra Costa County appeals.

## DISCUSSION

■ Appellant argues that even if the evidence supports the trial court's finding that Cooper was deliberately interfering with O'Rourke's visitation rights, that finding does not justify termination of O'Rourke's support obligations. Appellant contends that interference with visitation, as distinguished from concealment of the child, is not a defense to payment of suppport. Appellant's argument has merit.

By statute, one parent's interference with the visitation rights of the other does not affect the duty of support. (Fam. Code, §§ 3556, 4845, subd. (b).)[2] Even deliberate sabotage of visitation rights does not justify withholding payment of support, although it may provide grounds for a contempt action, for modification of custody, or for other sanctions. (See *Moffat v. Moffat* (1980) 27 Cal.3d 645, 651-652 [165 Cal.Rptr. 877, 612 P.2d 967]; *In re Marriage of Ciganovich* (1976) 61 Cal.App.3d 289, 293-294 [132 Cal.Rptr. 261].)

In *In re Marriage of Damico* (1994) 7 Cal.4th 673 [872 P.2d 787, 29 Cal.Rptr.2d 787], the Supreme Court held that a custodial parent who actively conceals herself and the child from the noncustodial parent until the child reaches adulthood is estopped from later collecting child support arrearages for the time of concealment. That case is of little significance here, as the court expressly declined to decide whether the same result would hold if the concealment ends while the child is still a minor. (*Id.* at p. 685.)[3] In an earlier case, however, the Court of Appeal distinguished between past

---

[1]The trial court explained its decision as follows: "The Court finds the conduct of [Cooper] is completely inexcusable. She is harming both the minor child as well as [O'Rourke]. She is frustrating the intent of the Court's prior order. She is preventing the minor child from being properly supported. The child has a right to be properly supported, and we have absolutely no indication of whether or not she is doing that, and I think we're entitled to find out. She will not communicate."

[2]Family Code section 3556 provides as follows: "The existence or enforcement of a duty of support owed by a noncustodial parent for the support of a minor child is not affected by a failure or refusal by the custodial parent to implement any rights as to custody or visitation granted by a court to the noncustodial parent." (Former Civ. Code, § 4382.)

Family Code section 4845, subdivision (b) provides as follows: "The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court." (Former Code Civ. Proc., § 1694.)

[3]The court in *Damico* also declined to express any opinion on whether the defense of estoppel would apply if the child support payments were being made to a governmental entity. (*In re Marriage of Damico, supra*, 7 Cal.4th at p. 685.) Other courts, however, have concluded

arrearages and ongoing support of the child. (*State of Washington* ex rel. *Burton* v. *Leyser*, *supra*, 196 Cal.App.3d 451, 457, 458.) The *Leyser* court noted that ". . . if the *ongoing* support of the child is at issue, our high court in *Moffat* and the Legislature by its enactments on the subject, have made it clear the *child's* right to sustenance must remain free of the disputes or express or implied agreements of the parents." (*Id.* at p. 457, italics in original.)

In the present case, we are concerned with the ongoing support of the minor child. At most, the evidence establishes that Cooper interfered with O'Rourke's visitation rights during the period from February to May 1993, when she provided no information to O'Rourke about Victoria's whereabouts. There is no evidence of concealment. O'Rourke was given Cooper's address and telephone number at the hearing in May. Although he received no answer when he telephoned the number, there is no evidence that the number was invalid. Moreover, the fact that he got no response to his mailed birthday card does not suggest that the address was incorrect. O'Rourke acknowledged that the card was not returned by the post office.

In support of the trial court's order terminating support, O'Rourke points to the misconduct by Cooper: her failure to give him 30 days' notice before moving to Florida; her failure to provide him with an address or telephone number for over three months. This evidence, however, supports only the finding of interference with O'Rourke's visitation rights. As we have said, mere interference is not a defense to payment of support. Accordingly, we must conclude that the trial court erred in terminating child support.

The orders appealed from are reversed.

Strankman, P. J., and Stein, J., concurred.

---

that a public agency cannot be estopped because of the conduct of the parents. (*In re Marriage of Kelley* (1986) 186 Cal.App.3d 613, 620-621 [231 Cal.Rptr. 6]; see *State of Washington* ex rel. *Burton* v. *Leyser* (1987) 196 Cal.App.3d 451, 457 [241 Cal.Rptr. 812].) The issue is pending before the California Supreme Court in *In re Marriage of Padilla* (1994) 33 Cal.App.4th 1252 [34 Cal.Rptr.2d 165] (review granted Dec. 15, 1994 (S035362)) and *In re Marriage of Comer* (1994) 33 Cal.App.4th 895 [33 Cal.Rptr.2d 842] (review granted Dec. 15, 1994 (S043162)).